# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TENNCO HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:18-cv-02620-TLP-cgc |
| v. | ) |
| | ) |
| KINGSID VENTURES, LTD. and | ) |
| KRYSTAL YOUNG, | ) |
| | ) |
| Defendants. | |

## ORDER GRANTING MOTION TO REMAND

Plaintiff moves to remand this case under 28 U.S.C. § 1447(c) arguing that removal was untimely. (ECF No. 14.) Defendant KingSid Ventures, Ltd. ("KingSid") responded to the Motion. (ECF No. 16.) For the reasons outlined below, the Court GRANTS the Motion to Remand for these reasons.

## **BACKGROUND**

This action arises out of a licensing agreement between Plaintiff and KingSid about the use of the late B.B. King's publicity rights. (ECF No. 1-2 at PageID 13.) B.B. King's death in 2015 sparked a battle for his estate. (*Id.* at PageID 14–15.) As a result, Plaintiff's relationship with KingSid and B.B. King's heirs became complicated. For instance, Plaintiff is unaware of who it must make royalty payments to under the agreement. (*Id.* at PageID 15.) And multiple heirs of B.B. King have threatened to take actions with regards to licensed assets that would

purportedly violate the licensing agreement.  (*Id*. at PageID 16.)  It thus seems that Plaintiff is now "paying the cost to be the boss"[1] of B.B. King's publicity rights.

Plaintiff sued in the Chancery Court of Shelby County, Tennessee, seeking to resolve these issues.  Plaintiff served KingSid on August 1, 2018.  (ECF No. 1-2 at PageID 141.)  KingSid then removed this case on September 7, 2018, thirty-seven days after receiving the summons.  (*See* ECF No. 1.)  Now Plaintiff seeks to remand the case back to state court arguing that removal was untimely under 28 U.S.C. § 1446(b)(1).  (ECF No. 14.)

## **LEGAL STANDARDS**

When analyzing a question of removal from state to federal court, courts begins with 28 U.S.C. §§ 1441 *et seq*.  That law says defendants may remove any civil action from state court to federal court that the federal court would have original jurisdiction over.  28 U.S.C. § 1441.  Even so, the removing party has thirty days to file a notice of removal from the time when the defendant has "solid and unambiguous information that the case is removable."  *Forest Creek Townhomes, LLC v. Carrol Prop. Mgmt., LLC*, 695 F. App'x 908, 912 (6th Cir. 2017) (quoting *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015)).  Then the objecting party has thirty days after the notice is filed to move to remand the case for any flaw in removal other than subject matter jurisdiction.  28 U.S.C. § 1447(c).  A defendant's failure to remove a case within thirty days is a procedural defect that the parties may waive.  *Naji v. Lincoln*, 665 F. App'x 397, 402 (6th Cir. 2016).  These standards govern the Court's decision.

## **ANALYSIS**

Plaintiff seeks to remand this case arguing that KingSid's notice of removal was filed seven days after the time required by 28 U.S.C. § 1446(b)(1).  (ECF No. 14 at PageID 175.)

---

[1] B.B. King, *Paying the Cost to be the Boss* (Pickwick International, Inc. 1974).

The parties do not dispute that Plaintiff served KingSid's registered agent on August 1, 2018. (*See* ECF No. 16 at PageID 289; ECF No. 1-2 at PageID 141.) Nor do they dispute that the case was removable on that same day. Instead, KingSid argues: (1) that "exceptional circumstances" should excuse the delay in filing the notice of removal; (2) that Plaintiff fraudulently joined Young as a defendant to defeat diversity jurisdiction; and (3) that this Court has original jurisdiction over Plaintiff's interpleader claim. (ECF No. 16.)

## I. Exceptional Circumstances

KingSid first argues that exceptional circumstances should excuse its delay in filing the notice of removal. (ECF No. 16 at PageID 292.) The Court finds those circumstances are unfortunate but not exceptional. Plaintiff served KingSid's registered agent with the summons and complaint on August 1, 2018, but KingSid's principal did not receive notice of the suit from its registered agent until September 7, 2018. (*Id.* at PageID 293–94.) KingSid removed the case on that same day. (*Id.*) The reason KingSid did not learn of the suit sooner is because KingSid's principal failed to update its contact information for the registered agent. (*Id.* at PageID 292–93.)

Making sure one's registered agent in Tennessee has up-to-date contact information is critical because all foreign corporations operating in Tennessee must maintain a registered agent in the state who can receive service of process on behalf of the corporation. Tenn. Code Ann. §§ 48-25-107(2) and 48-25-110(a). Serving process on that registered agent constitutes proper service constitutes proper service under Tennessee law and the Tennessee Rules of Civil Procedure. Tenn. Code Ann. § 48-25-110(a); Tenn. R. Civ. P. 4.04(4). Plaintiffs therefore properly served KingSid through its registered agent under Tennessee law. Unfortunately, that

3

registered agent could not pass along that critical information because it had old contact information for KingSid's principal.

KingSid spends most of its Response blaming the delay on Plaintiff's counsel rather than discussing the real issue here—that its principal failed to update the contact information provided to the registered agent. (*Id*. at PageID 294.) For example, KingSid states that Plaintiff's counsel should have notified its attorney that the case was filed. But the only reference to KingSid's negligence is in a footnote stating that its principal recognizes that he should have changed the contact information provided to the registered agent but failed to for about a year. (*See* ECF No. 16 at PageID 293 n.6.)

The Court does not know of a duty imposed by law or professional courtesy that requires an attorney for plaintiff to inform counsel for defendant about a lawsuit after proper serving the client with process. What is more, KingSid failed to cite a case decided in this district which provides adverse legal authority and states that district courts cannot alter the time for removal. *See May v. Johnson Controls, Inc.*, 440 F. Supp. 2d 879, 883–84 (W.D. Tenn. 2006). *May* explicitly rejects *Vogel v. U.S. Office Products, Co.*, 56 F. Supp. 2d 859 (W.D. Mich. 1999), cited by KingSid to support its exceptional circumstances argument. *Id*. This Court agrees that § 1446(b)(1)'s thirty-day limit is mandatory and not subject to alteration by courts. *See id*.; *Tennessee v. Tenn. Valley Auth.,* 311 F. Supp. 3d 896, 902 (M.D. Tenn. 2018).

As a result, the Court finds that the notice of removal was untimely.

## II.    KingSid's Remaining Arguments Against Remand

The Court need not address KingSid's other two arguments against remand because the failure to remove the case within thirty days is an absolute bar to removal here. KingSid did not argue that the delay in removal was caused by the fraudulent addition of a non-diverse

defendant. Nor is it relevant that the interpleader claim could have originally been filed in this Court. Whether jurisdiction is based on a federal question or complete diversity, the notice of removal must be filed within thirty days. *See* 28 U.S.C. § 1446(b)(1). These arguments thus fail.

## **CONCLUSION**

The Court GRANTS Plaintiff's Motion to Remand. This matter is remanded to the Chancery Court of Shelby County, Tennessee.

**SO ORDERED**, this 15th day of May, 2019.

                            s/Thomas L. Parker
                            THOMAS L. PARKER
                            UNITED STATES DISTRICT JUDGE